IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BILLY N. HAMMOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-136 |
| | ) | |
| SHAY HATCHER, | ) | |
| | ) | |
| Respondent.[1] | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Billy N. Hammock, currently incarcerated in Rutledge State Prison in Columbus, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and moved to proceed *in forma pauperis* ("IFP") in the United States District Court for the Middle District of Georgia. (Doc. nos. 1, 2.) United States District Judge Clay D. Land transferred the case to this District because Petitioner is challenging his June 20, 2011 conviction in the Superior Court of Richmond County. (Doc. no. 4.) Because Petitioner stated that he went to a hearing for his state habeas petition as recently as April 22, 2014 and, therefore, it was unclear whether Petitioner had exhausted all of his available state remedies, this Court ordered Petitioner to amend his petition. (Doc. no. 7.) Petitioner complied with that order and submitted an amended petition. (Doc. no. 8.) This case is now before the

_____

[1]The **CLERK** is **DIRECTED** to modify the docket to reflect that Petitioner no longer names the "State of Georgia" as a Respondent in his amended petition. (See doc. no. 8, p. 1.)

Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his amended § 2254 petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

## I.    BACKGROUND

According to Petitioner, he was convicted of robbery pursuant to a guilty plea in the Superior Court of Richmond County, and was sentenced to twenty years' imprisonment on June 20, 2011. (Doc. no. 8, p. 1.) Petitioner reports that he did appeal the judgment of conviction, but gives no information about his appeal. (Id. at 2.) On July 28, 2011, Petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. See Hammock v. Strength, CV 111-112, doc. no. 1 (S.D. Ga. July 28, 2011) ("CV 111-112"). United States District Judge J. Randal Hall dismissed that petition as unexhausted because Petitioner had not filed a direct appeal of his conviction or pursued collateral relief through a state habeas corpus petition at that time. (See CV 111-112, doc. nos. 3, 7.)

On September 14, 2011, Petitioner filed a state habeas corpus action in the Superior Court of Butts County. (doc. no. 8, p. 3; see also CV 111-112, doc. no. 9, p. 7.) Petitioner states that the ground raised in his state habeas corpus petition concerns a challenge to a "March 25[,] 2011 order by [the] sentencing judge," but he provides no information about that order. (Doc. no. 8, p. 3.) Petitioner states this action is still pending and attached to the current amended § 2254 petition a letter from the Deputy Clerk of the Superior Court of Muscogee County, the county in which Petitioner is currently incarcerated, stating that his

state habeas corpus action is "open and pending." (Id. at 3, 16.) Petitioner states that he had a hearing for his state habeas corpus action on April 22, 2014. (Id. at 3.)

Petitioner then filed a § 2254 petition in the instant action on June 10, 2014, which he amended in accordance with this Court's July 1st Order with a petition signed by him on July 7, 2014 and filed by the Clerk of Court on July 21, 2014. (See doc. nos. 1, 7, 8.) Petitioner asserts that, like his state habeas petition, he is challenging the March 25, 2011 order by the judge presiding over his state criminal case, but again provides no further information about that order or why he is challenging it. (Doc. no. 8, p. 4.)

## II. DISCUSSION

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must dismiss a petition after initial review if it plainly appears from the petition and any attached exhibits that Petitioner is not entitled to relief. Here, Petitioner is not entitled to relief because he has failed to exhaust his state remedies.

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has

3

given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (ruling that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[2] Id. "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v.

---

[2]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (quoting Ga. Sup. Ct. R. 40).

4

Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005).

### B.     The Petitions Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.

Petitioner attaches a letter from the Superior Court of Muscogee County showing that his state habeas action is still pending and he attended a hearing in that action as recently as April 22, 2014. (Doc. no. 8, pp. 3, 4, 16.) Petitioner states that his pending state and the instant federal petitions challenge the same March 25, 2011 order by the judge presiding over his state criminal case. (Id. at 3-4.) Thus, Petitioner has not exhausted by giving the state court "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added). If the state court denies his state habeas petition, to fully exhaust his available state remedies Petitioner must then apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court. See Pope, 358 F.3d at 853; O'Sullivan, 526 U.S. at 845.

Furthermore, because Petitioner does not present any exhausted claims in the present petition, the stay and abeyance procedure is inapplicable. Rhines, 544 U.S. at 275-77. Accordingly, because Petitioner has a pending state habeas action, his instant § 2254 petition should be dismissed without prejudice for failure to exhaust.

**III.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his amended § 2254 petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of September, 2014, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA