IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| BILLY N. HAMMOCK, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CV 114-136 |
| SHAY HATCHER, | ) |  |
| Respondent. | ) |  |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. The Magistrate Judge recommended dismissal of the amended petition for lack of exhaustion of state remedies because Petitioner's state habeas petition was still pending. (See doc. no. 9.)

In lieu of objections, Petitioner filed a motion to show cause. (Doc. no. 11.) The Court will construe Petitioner's motion as an attempt to show that he has exhausted his available state remedies because he has attached a copy of the order denying his state habeas petition, issued on September 5, 2014. (Id. at 6-12.) However, as the Magistrate Judge explained, to fully exhaust his available state remedies Petitioner must apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court. (Doc. no. 9, p. 5 (citing Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004).) Petitioner

has not presented any evidence that he has applied for a certificate of probable cause to appeal or that the application has been ruled on and, therefore, he has still failed to exhaust all of his available state remedies. Thus, Petitioner's motion to show cause is **DENIED**. (Doc. no. 11.)

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES AS MOOT** Petitioner's motion to proceed *in forma pauperis* (doc. no. 2), and **DISMISSES** the instant amended petition brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 21st day of October, 2014, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA